UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SYDNEY T.,

    Petitioner,

v.

CHARLES L. GREEN,

    Respondent.

Civ. No. 18-13622 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Sydney T.,[1] is an immigration detainee, held at the Essex County Correctional Facility, in Newark, New Jersey. He is proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the initial habeas petition will be denied, but Petitioner will be permitted an opportunity to file an amended petition.

## II. PROCEDURAL HISTORY

Petitioner is a native and citizen of Jamaica, who entered the United States as a lawful permanent resident ("LPR") in 1997 and has resided here since that time. In January 2009, Petitioner was convicted of possession with intent to distribute marijuana in a school zone, under New Jersey Statutes Annotated § 2C:35-7. He was also more recently charged for burglary and larceny, charges which apparently remain unresolved.

---

[1] Consistent with guidance regarding privacy concerns in social security and immigration cases by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Petitioner is identified herein only by his first name and last initial.

On June 7, 2016, the Department of Homeland Security, Immigration and Customs Enforcement, ("ICE") initiated removal proceedings against petitioner. ICE took Petitioner into custody under 8 U.S.C. § 1226(c) on November 14, 2016. Petitioner has remained in immigration custody since that time.

In September 2018, Petitioner filed this petition for writ of habeas corpus, seeking release or an individualized bond hearing to justify his continued detention. (DE 1.) Petitioner did not dispute the statutory basis for his detention, but asserted that his detention had become unduly prolonged to the point of having become unconstitutional. *See Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015), among other cases. (*See* DE 1.)

I ordered the government to file an answer responding to the petition. (DE 2.) I also ordered the government to notify the Court within seven days of Petitioner's release from custody, "as well as any change in the basis for petitioner's immigration detention." (*Id.*)

The government filed a response to the petition, and Petitioner filed a reply. (DE 6, 7.) Shortly thereafter, the government filed a letter indicating that the Board of Immigration Appeals ("BIA") had dismissed Petitioner's appeal from the denial of his application for cancellation of removal, thereby finalizing his removal order and changing the statutory authority for Petitioner's detention from § 1226(c) to 8 U.S.C. § 1231. (DE 8.) From court records, I note that the Third Circuit stayed Petitioner's removal pending appeal, but, on March 18, 2019, dismissed that appeal for lack of jurisdiction and vacated the stay. *See Trottman v. Att'y Gen. of the U.S.*, No. 19-1035 (3d Cir.). Petitioner thereafter filed a supplemental reply letter, but provided no further updates as to the status of his immigration custody.

### III. ANALYSIS

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). To the extent that Petitioner alleges that his detention is unlawful or unconstitutional, this Court has jurisdiction over Petitioner's claims as he is detained within this district.

Under 8 U.S.C. § 1226(c)(1), certain non-citizens with criminal convictions are subject to mandatory detention while removal proceedings are pending. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 846–47 (2018). As noted above, Petitioner was detained under § 1226(c) when he commenced this proceeding. Immigration detention after a removal order has become final, however, is governed by 8 U.S.C. § 1231(a). *See Guerrero-Sanchez v. Warden York Cty. Prison*, 905 F.3d 208, 215 (3d Cir. 2018). Thus, when the BIA dismissed Petitioner's appeal of his denied application for cancellation of removal, the basis for Petitioner's custody changed from § 1226(c) to § 1231(a). Thereafter, when the Third Circuit granted a stay of Petitioner's removal, his custody changed back to § 1226(c), but, when the Third Circuit vacated that stay on March 18, 2019, Petitioner's status, once again, reverted to detention under § 1231(a).

Section 1231(a) creates a 90-day removal period during which the government must detain persons still awaiting removal. 8 U.S.C. § 1231(a)(1)(A), (a)(2). Once the 90-day removal period expires, the government may continue to detain, or may release on bond, aliens who are deportable based on various specified grounds, under 8 U.S.C. § 1231(a)(6). *See Zadvydas v. Davis*, 533 U.S. 678, 688–89 (2001).

3

The Supreme Court of the United States, in *Zadvydas v. Davis*, 533 U.S. 678, found that § 1231 does not authorize indefinite post-removal-period detention. *Id.* at 689. Instead, such detention is limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Id.* The Court further noted that six months would be a "presumptively reasonable" period of post-removal-order detention under § 1231. *Id.* at 701.

In *Guerrero-Sanchez v. Warden York County Prison*, the Court of Appeals for the Third Circuit emphasized "that aliens detained under § 1231(a)(6) are only entitled to a bond hearing after *prolonged* detention." 905 F.3d at 225. That Court further adopted a presumptive "six-month rule," meaning that "an alien detained under § 1231(a)(6) is generally entitled to a bond hearing after six months of custody." *Id.* at 226 (parenthetical omitted).

Here, the petition seeks relief from prolonged detention under § 1226(c). (*See* DE 1.) Such relief must be denied as moot, as Petitioner is no longer detained under § 1226(c). I note, however, that Petitioner has now been detained under § 1231(a) for just over six months. Thus, he may be due a bond hearing under the Third Circuit's holding in *Guerrero-Sanchez*. Accordingly, though I deny the habeas petition presently before the Court, I grant Petitioner leave to file an amended petition challenging the prolongation if his detention under § 1231.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition, (DE 1), will be denied. Petitioner is granted leave to file an amended petition within 45 days concerning his detention under 8 U.S.C. § 1231(a). An appropriate order follows.

DATED: September 27, 2019

KEVIN MCNULTY
United States District Judge